UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) ) ) |
| Plaintiff, | ) Civil No. 08-4595-WHA |
| v. | ) ) |
| KEN SALAZAR, et al., | ) ) ) |
| Defendants. | ) ) |

STIPULATED SETTLEMENT AGREEMENT

Plaintiff, Center for Biological Diversity, and Federal Defendants, Ken Salazar, et al., by and through their undersigned counsel, state as follows:

WHEREAS, on August 2, 2005, the U.S. Fish and Wildlife Service ("Service") issued a proposed rule for the Sonoma County Distinct Population Segment ("Sonoma DPS") of the California Tiger Salamander ("CTS"), which proposed the designation of over 74,000 acres of critical habitat. 70 Fed. Reg. 44301 (Aug. 2, 2005) ("Proposed Rule").

WHEREAS, on December 14, 2005, the Service issued a final determination on the proposed rule, which included the identification of 17,418 acres of critical habitat for the Sonoma DPS. See 70 Fed. Reg. 74138 (Dec. 14, 2005) ("Final Rule").

WHEREAS, the Service excluded the 17,418 acres of critical habitat in the Final Rule.

WHEREAS, in February 2008, Plaintiff sent the Service a 60-day notice of intent to sue with regard to the Final Rule.

WHEREAS, Plaintiff filed a complaint for declaratory and injunctive relief in the U.S. District Court for the Northern District of California on October 2, 2008, challenging the Final Rule.

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. The Service shall within ninety days of the effective date of this Settlement Agreement ("Agreement") submit to the Federal Register for publication a new proposal to designate critical habitat for the Sonoma DPS of the CTS. The geographic area of the proposed designation shall be the same as the geographic area identified the Aug. 2, 2005 proposed rule, 70 Fed. Reg. 44301 (Aug. 2, 2005). By July 1, 2011, the Service shall submit to the Federal Register for publication a final determination on the proposed rule.

2. Either party may seek to modify the deadlines specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 3 below.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement,

including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

    4. Defendants agree that Plaintiff is the "prevailing party" in this action, and agree to pay Plaintiff's reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Defendants therefore agree to settle all of Plaintiff's claims for costs and attorneys' fees in this matter for a total of $25,000. A check will be made payable in that amount to Meyer Glitzenstein & Crystal. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this Agreement.

    5. Plaintiff agrees to accept payment of $25,000 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in this matter through and including the date of this Agreement.

    6. Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

    7. The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred

subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1 or for any other continuation of this action. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

      8. Subject to the qualifications in Paragraph 9, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

      9. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. On this issue, Plaintiff asserts that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiff intends to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants reserve all legal and equitable defenses to any argument by Plaintiff that the Anti-Deficiency Act does not apply to non-discretionary duties required by the ESA.

10. Nothing in this agreement may be cited by either party in connection with any other administrative or judicial proceeding in order to demonstrate acquiescence to the time deadlines provided in this agreement or for any other reason.

11. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

12. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

13. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

14. Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). In particular, in the event of unforeseen circumstances, Plaintiff retains the right to seek emergency relief from the Court, pending the completion of the rulemaking.

Respectfully submitted this 29th day of April, 2009.

            JOHN C. CRUDEN
            Acting Assistant Attorney General
            JEAN E. WILLIAMS, Chief
            LISA L. RUSSELL, Assistant Chief

            /s/ *Erik Petersen*
            ERIK E. PETERSEN, Trial Attorney
            D.C. Bar No. 489073
            U.S. Department of Justice
            Environment & Natural Resources Division
            Wildlife & Marine Resources Section
            Ben Franklin Station, P.O. Box 7369
            Washington, D.C. 20044-7369
            D.C. Bar No. 489073
            Telephone: (202) 305-0339
            Facsimile: (202) 305-0275
               Attorneys for Federal Defendants

            CENTER FOR BIOLOGICAL DIVERSITY

            /s/ *Bill Eubanks* (with permission)

            WILLIAM S. EUBANKS II, N.C. Bar No. 36743
            HOWARD M. CRYSTAL, D.C. Bar. No. 446189
            ERIC R. GLITZENSTEIN, D.C. Bar No. 358287
            *Pro hac vice*
            Meyer Glitzenstein & Crystal
            1601 Connecticut Avenue, N.W., Suite 700
            Washington, D.C.  20009
            (202) 588-5206
            (202) 588-5049 (fax)
            MELISSA THRAILKILL, Cal. Bar No. 256674
            Center for Biological Diversity
            351 California Street, Suite 600
            San Francisco, CA 94104
            (415) 436-9682, ext. 313
               Attorneys for Plaintiff

The Clerk shall close the file.

IT IS SO ORDERED

 May 5, 2009
_____



_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on April 29th, 2009, I filed a true and correct copy of the Parties' Stipulated Settlement Agreement and the Proposed Order with the Court's CM/ECF system which will generate a Notice of filing and Service on all parties.

    /s/ *Erik Petersen*
    ERIK E. PETERSEN